JOHN J. WALSH, administrator, *vs.* THOMAS F. LOOREM.

Hampden.    September 24, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Negligence*, Contributory.

For a mother to leave her child about eighteen months old playing with other children in the presence of a woman neighbor in the neighbor's yard, with no fence between it and a quiet street and in sight of the mother, from whence the child in the temporary absence of the neighbor wanders into the street and is run over at a point nearly in front of where the mother is working in her own yard, is not so clearly negligent, that, in an action under St. 1898, c. 565, for causing the death of the child, the case should be taken from the jury. The jury would be justified in finding, that such oversight as the mother could use and might be presumed to have used were as much as fairly could be expected or required from one in her situation.

HOLMES, C. J. This is an action under St. 1898, c. 565, for causing the death of the plaintiff's intestate, an infant aged seventeen months and twenty-seven days, by running over him with a wagon in the highway. The plaintiff has had a verdict, and the case is here on the defendant's exception to a refusal to take the case from the jury on the ground that the mother of the child left it unattended so far as to amount to a want of due care.

The mother had been going to and fro between her house and that of Mrs. Griffin, which was the next house but one to hers. She had left the child with or near some other children in the back part of Mrs. Griffin's yard, telling it to go back and play with them, and had returned with Mrs. Griffin to her own yard, where she was working in a flower-bed when the accident happened. Mrs. Griffin went back again to her own house and saw the child at or near her flower-bed at the side of the house. She went down stairs for some potatoes, and when she came up the child had been run over. The estimates of time are all somewhat vague, but it would seem that the mother must have left the child from ten to twenty minutes at least, but that the time between Mrs. Griffin's last sight of it and the accident was inside of five minutes. Mrs. Griffin's yard had no fence between it and

the street, but the mother, from where she was, could see the street in front beyond the Griffin lot. The accident happened on the further side of the street from where the child was left, nearly in front of where its mother was at work. There was evidence that the street was a quiet street.

The length of time that the child was in the Griffin lot in safety does not seem to be very material in this case. There were children near it with whom it had been told to play, and Mrs. Griffin's return may be said to mark a new starting-point from which to consider the mother's conduct. The child then was under a competent eye, as the mother knew that it would be. The question then is whether leaving the child where it might dart out into a quiet street before the mother saw it, or failing to notice it if it went out more slowly, were so clearly negligent that the case should have been taken from the jury. It seems to us that that is more than we ought to say. As the jury were of opinion that such oversight as the mother could use and may be presumed to have used were as much as fairly could be expected or required from one in her situation, we cannot say that they were wrong. *McNeil* v. *Boston Ice Co.* 173 Mass. 570, 576, 577. *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191, 193. In *Grant* v. *Fitchburg*, 160 Mass. 16, it was undisputed that the child had been in the street or close to it for fifteen minutes. Here the jury may have found that the child had just got into the street from Mrs. Griffin's lot.

*Exceptions overruled.*

*W. R. Heady*, for the defendant.

*W. H. McClintock*, (*J. B. Carroll & D. A. Coyne* with him,) for the plaintiff.