THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

LEW H. WARRINER, Admr.

*Opinion filed October 23, 1907.*

1. EVIDENCE—*when pamphlet of ordinances is evidence of their passage and publication.* If a pamphlet containing the ordinances of a village purports to be published by the authority of the president and board of trustees, it is evidence, under the statute, of the passage and legal publication of the ordinances contained in it as of the dates mentioned therein.

2. SAME—*effect of printed copy of certificate in a pamphlet of ordinances.* A printed copy of a certificate by the president of the board of trustees and the village clerk to the effect that ordinances contained in the pamphlet wherein such printed copy of the certificate appears are true copies of the ordinances of the village is of no legal effect as a certificate, and a variance between the certificate and the memorandum appearing at the bottom of an ordinance as to the date of passage and publication does not affect the ordinance nor render it inadmissible.

3. NEGLIGENCE—*rule as to contributory negligence in action for negligent killing of young child.* Where an action for damages on account of the death of a child is brought for the benefit of those who were chargeable with its care, their contributory negligence will bar the action.

4. SAME—*when question of contributory negligence of parents is properly left to jury.* In an action for damages for the negligent killing of a boy one year and eight months old by defendant's train, the question whether the persons charged with his care were negligent is properly left to the jury, under evidence that the mother and adult daughters were alone, doing the family washing; that the child was playing in the yard not more than ten minutes before the crossing bell began to ring; that the mother and daughters, on hearing the bell, immediately began to search for the child, who had gone across the track, and that all, including the father, who was returning from town, were running toward the child to rescue it when it was struck by the train.

5. INSTRUCTIONS—*when inaccuracy of instruction as to age of child is not harmful.* The fact that an instruction in an action for damages for the death of a child states the child's age to be two years instead of one year and eight months is not harmful to the defendant, as requiring a less degree of care on the part of the parents because of the difference in age, particularly where the date of the child's birth was in evidence.

6. SAME—*what need not be embodied in instruction directing a verdict if the jury find the facts stated therein.* An instruction which requires the jury to find the defendant guilty if they find, from the evidence, the facts stated therein, need not embody the rules of law by which the facts are to be deduced from the evidence, and it is not objectionable, if otherwise good, because it fails to require the jury to find the facts from a preponderance of evidence.

7. DAMAGES—*jury may consider any pecuniary benefit to next of kin if child had lived.* In an action for damages for the death of a child the jury may consider any pecuniary benefit that might result to the next of kin at any age of the child if it had lived.

8. PLEADING—*when failure to allege care of parents is cured by verdict.* The failure of a declaration, in an action for damages against a railroad company for the killing of a child on its tracks, to allege that those in charge of the child were exercising reasonable care for its safety is cured by verdict under a plea of the general issue, where the declaration charges that it was by the negligence of the defendant and the unlawful speed of its train that the child was struck and killed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding.

W. R. Hunter, (John G. Drennan, of counsel,) for appellant.

H. K. & H. H. Wheeler, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

On November 3, 1904, Stewart Cornell Warriner, a child aged one year and eight months, was struck by the pilot-beam of defendant's engine on the crossing of Wilson street, in the village of Peotone, and received injuries from which he died. This suit was brought by his administrator in the circuit court of Kankakee county to recover damages to his next of kin resulting from his death. There was a trial, and the case was submitted to the jury on the second and fifth counts of the declaration, which alleged that there was an ordinance of the village of Peotone prohibiting a greater rate of speed than ten miles an hour, and charged that the defendant's train was running at a greater rate of speed, causing the death of said child. The jury found the defendant guilty and assessed damages, and judgment was entered upon the verdict. On appeal to the Appellate Court for the Second District the judgment was affirmed, and the case is brought here by a further appeal.

It is first contended that the court erred in admitting the ordinance in evidence. It was ordinance No. 12, contained in a printed pamphlet, the cover of which was partly torn off so as to show only the first half of the title. The cover did not show what the pamphlet contained, but the first page was entitled "The Revised Ordinances of the Village of Peotone," and on the last page there was what purported to be a printed copy of a certificate of the president of the board of trustees and the clerk of the village certifying to the ordinances as true copies of the revised ordinances of said village, and it was therein stated that they were printed and published by the authority of the president and board

of trustees of the said village. The ordinance was objected to because the memorandum at the foot of the ordinance showed that it was passed on August 19, 1890, and approved August 20, 1890, while the copy of the certificate stated that the ordinances contained in the pamphlet were passed and approved on August 19, 1890. The ordinance was printed, with other ordinances, in pamphlet form, and was admissible in evidence under the statute, not by virtue of the printed copy of a certificate, but on the ground that the ordinance purported to be published in that pamphlet by authority of the president and board of trustees. All that was necessary to authorize the admission of the pamphlet in evidence was the fact that it purported to be published by such authority, and the statute made it evidence of the passage and legal publication of the ordinances contained in it as of the dates mentioned in the pamphlet. (*Eagan* v. *Connelly,* 107 Ill. 458; *McCraney* v. *Glos,* 222 id. 628; *Chicago and Alton Railroad Co.* v. *Wilson,* 225 id. 50.) The printed copy of the certificate had no legal effect as a certificate and did not affect the ordinance. The further objection was made that the certificate did not show where the publication was made. If it had any effect at all, it showed that the publication was made in that pamphlet, and neither objection had any force. The court did not err in admitting the ordinance in evidence.

The train was running at a rate of speed prohibited by the ordinance, the speed being estimated by plaintiff's witnesses at from twenty to forty miles an hour and by the defendant's witnesses at from nine to twelve miles an hour, and the evidence tended to prove that the unlawful rate of speed was the cause of the accident. It is urged, however, that the evidence does not show that the parents of the child exercised any care or caution for its safety, but, on the contrary, showed an affirmative act of negligence on their part by placing the child in an open lot near the railroad track and paying no further attention to him. On that ground it

is argued that the court ought to have directed a verdict for the defendant. Where an action for damages on account of the death of a child is brought for the benefit of those who were chargeable with its care, their contributory negligence will bar the action. (*Chicago City Railway Co.* v. *Wilcox,* 138 Ill. 370; *Chicago and Alton Railroad Co.* v. *Logue,* 158 id. 621.) The home of this child was east of the railroad tracks and faced north on Wilson street. The only adults at the house at the time were the mother of the child and two sisters, who were twins, twenty-two years old. They did the housework, and at the time of the accident were engaged in doing the family washing. The mother put on the child's coat and saw him going down the back steps to the back or side yard to play, about fifteen or twenty minutes before the accident. One of his sisters had been out in the back yard with a basket of clothes, hanging them on the line, and saw the child near the back porch about ten minutes before the accident. She went into the house for more clothes and heard an automatic signal bell at the crossing, which began to ring when the engine was more than one hundred rods north of the crossing. The mother and both sisters commenced to make search for the child and made every effort to find him. He had gone across the tracks to the west and was coming east toward the tracks as the south-bound passenger train that struck him went through the village. The father, who had gone down town and was returning, and the mother and sisters, were all running toward the train when the child was struck. The court did not err in submitting to the jury the issue of fact whether those who had charge of the child exercised the degree of care demanded of them.

The first instruction given at the request of the plaintiff is complained of on various grounds. It was inaccurate as giving the age of the child as two years, when, in fact, he was one year and eight months old, and it is said that the instruction was hurtful to the defendant because the parents

were required to exercise greater care and diligence to see that the child did not wander away if he was one year and eight months old than if he was two years old. We think there would be no substantial difference in the degree of care required on account of a difference of four months in age, for the reason that a child of either age would be incapable of exercising any care whatever for its own safety. The fact that the child was born February 25, 1903, was before the jury and not contradicted, so that there was no misunderstanding about his age. Another objection is, that the instruction limited the care required of the parents to the point of time that the child was at or near the track, but while the instruction refers to the child as being at or near the track, the time mentioned is the date of the accident, which covered the whole time. The objection most insisted upon is, that the instruction, which was mandatory in form and required the jury to find the defendant guilty if they found the facts stated in it, did not require the finding to be from a preponderance of the evidence. By the instruction the court directed the jury that if they should find, from the evidence, the facts therein stated, they should find the defendant guilty, and the facts stated were all the facts necessary to constitute a cause of action and require such a verdict. It is necessary that such an instruction should embrace all the facts and conditions essential to sustain the verdict directed. (*Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526.) The instruction under consideration required the necessary facts to be found by the jury from the evidence, which required a consideration of all the evidence in the case as a basis for the finding. It is the law that one upon whom the burden of proof as to a fact legally rests must establish such fact by a preponderance of the evidence, and a party has a right to an instruction advising the jury of that rule. It is also true that various directions may be given by the court as to the methods by which the credibility of the witnesses and the preponderance of evidence are to be

determined, but none of those things are essential to a statement of what facts will create a liability or constitute a cause of action. It would be unreasonable to say that the court must correctly set forth in such an instruction all the rules of law by which the facts are to be deduced from the evidence.

The second instruction given at the instance of plaintiff authorized the jury, in considering the amount of damages, to take into consideration the facts proved, in connection with their own knowledge and experience, and the objection is that the instruction did not limit the jury to such knowledge as men ordinarily possess. The knowledge and experience which the jury were authorized to bring to their aid in determining the amount of damages related to the value of services and the expense of clothing, education and support, which are all common, every-day affairs, and the instruction is not subject to the objection made.

The third instruction was not erroneous in permitting the jury to consider any pecuniary benefit that might result to the next of kin at any age of the child if he had lived.

It is urged that neither of the counts submitted to the jury stated a cause of action, for the reason that they did not allege that the parents of the child were in the exercise of reasonable care for his safety. They alleged that it was ·by and through the negligence and improper conduct of the defendant and the great and unlawful speed of the train that the deceased was struck and injured. It is fairly inferable from the allegations of those counts that the accident was not due to negligence or want of care of the parents of the child, and the issue joined under the plea of not guilty was such as necessarily required proof of the omitted fact. The defect was cured by verdict. *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*