MARY ALBERT, Respondent, v. ST. LOUIS ELECTRIC TERMINAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 2, 1915.

1. NEGLIGENCE: Death of Child: Contributory Negligence of Parent. The father of a two-year-old child, while sitting with the child on his front door steps, which were immediatly adjacent to the sidewalk, became engrossed in the reading of a newspaper, and the child left him and went upon the street, near a street railway track. He was warned of the child's dan-

ger, and immediately ràn into the street, but too late to save the child, which was struck and killed by a street car. In an action by the father for the death of the child, *held* that he was not guilty of contributory negligence as a matter of law, since it cannot be said that an ordinarily prudent person would not have suffered a lapse of attention, under the circumstances, for so short an interval.

2. **JURY: Competency of Juror: Sympathy.** In an action for the death of a child, where a juror stated that his sympathy would probably influence him in favor of plaintiff, if the evidence were evenly balanced, unless the court instructed otherwise, the action of the court in overruling defendant's challenge of such juror for cause was proper, since the feelings expressed by the juror are within the category of light impressions that may fairly be disposed to yield to testimony, and his examination disclosed that his mind was open, so as to enable him to return a proper verdict, under the instructions, notwithstanding his natural sympathy for plaintiff.

3. **STREET RAILWAYS: Death of Child: Instructions.** In an action against a street railway company for the death of a child by being struck by a street car, *held* that the instructions given at the request of plaintiff were proper.

4. **DEATH BY WRONGFUL ACT: Damages: Instructions.** In an action under Sec. 5425, R. S. 1909, for the wrongful death of plaintiff's two-year-old child, an instruction, that if the finding was for plaintiff, the jury might return a verdict for not less than $2000 and not to exceed $10000, was correct in its general scope, and hence was not erroneous for omitting to inform the jury that plaintiff was not entitled to recover anything for loss of society nor for loss of services except during the child's minority, in the absence of a request for such limitation by defendant.

5. **DAMAGES: Instructions: Waiver of Generality.** An instruction on the measure of damages which is correct in its general scope is not to be condemned on account of its generality, in the absence of a request for a limitation by the adverse party.

6. **DEATH BY WRONGFUL ACT: Damages: Excessive Recovery.** In an action under Sec. 5425, R. S. 1909, for the wrongful death of plaintiff's two-year-old daughter, a verdict for $7420 (which included the $2000 penalty) cannot be declared to be excessive as a matter of law, since the court has no means of ascertaining whether the award of compensatory damages exceeds the net amount the deceased child would have earned during her minority and hence cannot interfere with the award of the jury, who are given discretion to determine such matter, through an utilization of their own knowledge and experience.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*Jones, Hocker, Hawes & Angert* and *Anderson, Gilbert & Levi* for appellant.

(1) The court erred in overruling the challenge to juror Byrne. Carroll v. Railroad, 157 Mo. App. 260; Heidbrink v. Railroad, 133 Mo. App. 41; Theobald v. Tr. Co., 191 Mo. 428. (2) The court erred in refusing to give the demurrer to the evidence at the close of plaintiff's case, because the evidence shows Joseph Albert was guilty of negligence in permitting Lillie Albert to go upon the street. A parent is bound to use care in looking after small children and if the child is negligently permitted to get into a dangerous location no recovery can be had for its death. Senn v. Railroad Co., 124 Mo. 629; Lynch v. Railroad Co., 112 Mo. 439, 440; Whitehead v. Railroad Co., 22 Mo. App. 60; Koons v. Railroad Co., 65 Mo. 592, 596. Decisions from other States are to the same effect and hold that permitting children of tender years to go upon railway tracks or into danger precludes recovery by the parents. Smith v. Railroad, 92 Pa. St. 450; Vinnette v. Railroad, 47 Wash. 320; Stamps v. Newton County, 68 S. E. 947; Railroad v. Grable, 88 Ill. 442; Railroad v. Snyder, 24 Ohio St. 670. (3) The court erred in giving plaintiff's first instruction. This instruction submits an assignment of negligence of which there is no proof. The instruction permits a recovery for failure to stop the car in the shortest space possible after Lillie Albert was on the track and there is no evidence that the car could have been stopped after she was on the track.

The instruction tells the jury if the motorman "could have seen that as she so approached and went upon the track she was in danger of injury from said

car, and thereafter, by stopping said car in the shortest time and space possible, etc., could have avoided striking the child, and the motorman negligently failed to do so, to find for plaintiffs.'' There is no evidence that the motorman could have stopped the car after the child went upon the track. The evidence is that the child ran upon the track when the car was three or four feet away. Although the petition may be broad enough, where the evidence is narrower than the petition, the instructions must be limited to the evidence, and, if they are not so limited, are erroneous. Hales v. Raines, 162 Mo. App. 46; Miller v. United Rys. Co., 155 Mo. App. 528; Mulderig v. Railroad, 116 Mo. App. 655; Lauff v. Carpet Co., 171 S. W. 986. (4) The court erred in giving plaintiff's instruction on the measure of damages. This instruction directs the jury to assess plaintiff's damages at $2,000 to $10,000, but furnishes no guide whatever by which the jury is to determine the amount above $2,000. Such a direction amounts to a roving commission and is erroneous. Hawes v. Stock Yards Co., 103 Mo. 60; Schaub v. Railroad, 106 Mo. 74; Calcaterra v. Iovaldi, 123 Mo. App. 354; Boyd v. Railroad, 249 Mo. 110. (5) Instruction 1 conflicts with the other instructions and confuses the jury as to what is negligence. Instruction 6 defines negligence as the lack of ordinary care, while instruction one requires a vigilant watch and a stop in the shortest time and space possible in the first part and in the concluding part directs the jury to find for plaintiff if the defendant ''negligently failed to do so.'' To say that one failed to ''exercise ordinary care, to maintain a vigilant watch and stop in the shortest time and space possible'' is an absurdity, for ordinarily is inconsistent with and conflicts with ''vigilant watch'' and ''shortest time and space possible''. These terms embody the highest degree of care. From this no one can tell just what the court meant by negligence. Such instructions are erroneous. Gardner v. Railroad Co., 223 Mo. 389, 417.

(6) The verdict is grossly excessive. Baxter v. Transit Co., 103 Mo. App. 612.

*S P. Bond,* for respondent.

(1) The trial court was right in overruling defendant's challenge to juror Byrne on his *voir dire.* A juror is not disqualified unless his bias, prejudice, or ill-will is so great as to influence his mind or warp his judgment. And of this the trial court is the best judge, whose finding should not be set aside unless clearly and manifestly against the weight of the evidence. Carroll v. Railroad Co., 157 Mo. App. 247; Heidbrink v. Railroad, 133 Mo. App. 40; Theobold v. Transit Co., 191 Mo. 428; State ex rel. v. Cunningham, 100 Mo. 388; Sec. 7283, R. S. 1909; McCarthy v. Railroad, 92 Mo. 536; State v. Rasco, 239 Mo. 535; Commonwealth v. Brown, 9 Am. St. rep. 736; Montgomery v. Railroad, 90 Mo. 451; Coppersmith v. Railroad, 51 Mo. App. 357; McManama v. Railroad, 175 Mo. App. 43, 46, 51; McCarthy v. Railroad 92 Mo. 536; Keegan v. Kavanaugh, 62 Mo. 230; Hudson v. Railroad 53 Mo. 35. (2) The court did right in refusing the demurrer to the evidence at the close of the plaintiff's case, and at the close of the entire case. The evidence is ample and there was no plea of contributory negligence on the part of plaintiff, and hence the defense of contributory negligence was and is not available as a defense. The plaintiffs are entitled to recover in this case if the defendant's motorman on its car saw or, by the exercise of a vigilant watch for persons on foot, could have seen plaintiffs' infant daughter on or approaching defendant's street car track and in danger of being injured by said car and thereafter could have adverted injury to plaintiffs' daughter by stopping said car within the shortest time and space possible under the circumstances with the means and appliances at hand and consistent with the safety to said car and its passengers. Hoverka v.

Transit Co., 191 Mo. 453; Burley v. Transit Co., 124
Mo. App. 729; O'Faherty v. Railroad, 45 Mo. 70;
Kelly v. Railroad, 75 Mo. 139; Frick v. Railroad, 75 Mo.
595; Farris v. Railroad, 80 Mo. 325; Welsh v. Railroad,
81 Mo. 466; Reilly v. Railroad, 94 Mo. 600; Dunkman
v. Railroad, 95 Mo. 232; Jennings v. Railroad, 99 Mo.
394; Rosenkranz v. Railroad, 108 Mo. 9; Senn v. Rail-
road, 108 Mo. 142; Humbird v. Railroad, 110 Mo. 76;
Wagner Gdn. v. Met. St. Ry. Co., 160 Mo. App. 334;
Czezewska v. Benton-Bellefontaine Ry. Co., 121 Mo.
201; Cytron v. Transit Co., 205 Mo. 692. (3) There is
ample evidence in support of plaintiff's first instruc-
tion, as we shall point out specially in our point 3. To
have refused it would have been equivalent to sustain-
ing the demurrer to the evidence. There is ample evi-
dence to show the motorman could have stopped the
car before running over the plaintiffs' infant daughter,
and expert evidence is introduced to prove this.
Burleigh v. Transit Co., 124 Mo. App. 729; Czezewska
v. Benton-Bellefountaine Ry. Co., 121 Mo. 201; Hoverka
v. Transit Co., 191 Mo. 441; Wise v. St. Louis Transit
Co., 198 Mo. 546. Contributory negligence is a matter
of defense and need not be alleged or proved by plain-
tiff. Petty v. Railroad Co., 88 Mo. 306; Thorpe v. Mo.
Pac. Ry. Co., 89 Mo. 650, O'Connor v. Mo. Pac. Ry. Co.,
94 Mo. 150; Donavan v. R. R. Co., 89 Mo. 147; Parsons
v. Railroad Co., 94 Mo. 286. In cases where the plea of
contributory negligence is pleaded as a defense, and
notwithstanding that a parent may be guilty of negli-
gence in allowing his infant child to go upon the street,
yet if the motorman could have prevented the injury by
due caution, the defendant is liable. If contributory
negligence were set up as a defense, the last chance
doctrine would apply in this State in a case like this,
as in other cases. Farris v. Railroad, 80 Mo. 319;
Czezewska v. Railroad, 121 Mo. 201; O'Flaherty v.
Union Railway Co., 45 Mo. 70. (4) The court did not
err in giving the plaintiff's instruction No. 2, on the

measure of damages. Dudley v. Railroad, 167 Mo. App. 647; Baldwin v. Harvey, 177 S. W. 1087; Harding v. Mo. Pac. Ry. Co., 248 Mo. 663; Johnson v. Traction Co., 178 Mo. App. 445; Maier v. Railroad, 176 Mo. App. 29, 36; Compton v. Railroad, 165 Mo. App. 287; Browning v. Railroad, 124 Mo. 155; Waddell v. Railroad, 213 Mo. 8, 20; Niehaus Admr. v. United Rys. Co., 165 Mo. App. 606. (5) The Supreme Court and the Courts of Appeals have decided, in numerous cases, that instruction No. 1, given in behalf of the plaintiff, is proper. Burleigh v. Transit Co., 124 Mo. App. 729; Hoverka v. Transit Co., 191 Mo. 441; Cytron v. Transit Co., 205 Mo. 692. (a) Defendant's instruction No. 3 is the converse of plaintiffs' instruction No. 1. (b) All of the instructions given by the court, whether for the plaintiff or defendant, must be taken and read together; and if being so read, they are consistent and not calculated to mislead the judgment, should be permitted to stand. Karl v. Railroad, 55 Mo. 476; Whalen v. Railroad, 60 Mo. 323, Reilly v. Railroad, 94 Mo. 600; Shartel v. The City of St. Joseph, 104 Mo. 114; Dickson v. Railroad, 104 Mo. 491. (6) The verdict is not excessive. Hennessy v. Brewing Co., 145 Mo. 104; O'Hara v. Gas Light Co., 131 Mo. 428; Maier v. Railroad, 176 Mo. App. 29; Lee v. Knapp & Co., 155 Mo. 616; O'Brien v. Heiman, 177 S. W. 805; Nagel v. Mo. Pac. R. Co., 75 Mo. 653; Baldwin v. Harvey, 177 S. W. 1087; Ellis v. Met. Ry. Co., 234 Mo. 657; Stumbo v. Duluth Zinc Co., 110 Mo. App. 635; Morris v. Met. St. Ry. Co., 63 App. Div. 78; Twist v. City of Rochester, 37 App. Div. 30; Louisville & Nashville R. R. Co. v. Connor, Admr., 9 Heiskall (Tenn.) 19; C. & A. R. R. Co. v. Becker, 84 Ill. 183; C. & N. W. Ry. Co. v. DesLauriers, 40 Ill. App. 654; Heinz, Admr. v. Railroad Co., 98 Superior Court Reports (N. Y.) 640; Pineo, Admr. v. Railroad Co., 341 Hun. (N. Y.) 180; Hooghkirk v. Delaware Hudson Canal Co., 11 Abb. N. Cas. (N. Y.) 72; Railroad v. Wilson, 35 Ill. App. 348; Johnson v. Railroad Co., 64

Wis. 425; Schrier v. Railroad Co., 65 Wis. 457; Casey v. Railroad Co., 6 Abb. N. C. 104, 119; affirmed 78 N. Y. 518; Railroad Co. v. Branyon, Admr., 10 Ind. App. 570; W. P. Ry. Co. v. Dundeu, 37 Kan. 1, Manufacturing Co. v. Morris, 105 Tenn. 654; Taylor B. & H. R. Co. v. Warner et al., 31 S. W. (Tex.) 66; Austin Rapid Transit Ry. Co. v. Cullen, 29 S. W. Civ. App. (Tex.) 256; City of Omaha v. Richards, 49 Neb. 244. (7) There was no evidence given in this case as to the pecuniary damage suffered by the plaintiffs in the death of their infant daughter of two years and eight days old. In this class of cases of children, of such tender years, the rule is that the jury is permitted to arrive at their verdict from their general knowledge and experience and without evidence of any kind as to the damages actually received. Nagel v. Mo. Pac. R. Co., 75 Mo. 653, 658; Railroad Co. v. Wilson, 35 Ill. App. 348; Railroad Co. v. DesLauriers, 40 Ill. App. 654; Heinz, Admr. v. Brooklyn Heights Railroad, 98 Superior Court Reports, N. Y. 640; Houghkirk v. Delaware Hudson Canal Co., 11 Abb. N. Cas. (N. Y.) 72; Austin Rapid Transit Co. v. Cullen, 29 S. W. 256.

NORTONI, J.—This is a suit for damages under the wrongful death statute. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff's little girl, two years of age, was run upon and killed by one of defendant's street cars. The child was at play for the moment in Twelfth street in the city of St. Louis, between Biddle and Carr streets, where defendant operates its car line. The evidence tends to prove that by due care defendant's motorman could have averted the catastrophe, but failed to do so. The petition counts upon the Vigilant Watch Ordinance.

It is argued the court should have directed a verdict for defendant because of plaintiff's negligence, in that Joseph Albert, the father of the child, permitted it to run upon defendant's tracks at the time, but we

are not so persuaded. It appears that plaintiff's residence abutted closely upon Twelfth street, immediately adjacent to the point of collision, and Joseph Albert, the father, was sitting on the third from the bottom of the front steps while the little girl was playing about him. But a moment before, she was sitting beside her father on the step. The father was reading a newspaper, and it seems became engrossed in it, when the little one, unnoticed by him, ran into the street near the car track. A neighbor called to him to look out for the baby just as the car approached. Thereupon Mr. Albert ran into the street, but the car had run upon the child before he reached it. We are unable to say, in these circumstances, that the negligence of the father should be declared as a matter of law. It seems that the father was exercising due care for the safety of the child, but it toddled into the street only a moment before, while his attention was engrossed in reading. It cannot be said that an ordinarily prudent person would not suffer a lapse of attention, under the circumstances, for so short an interval.

It is argued that the court erred in declining to sustain defendant's challenge to juror Byrne, for it is said that his examination revealed a bias against defendant. On the examination of this juror, no admission appears tending to show that he was prejudiced or biased in any wise. It is true he stated that his sympathy for the death of the child would probably influence him in favor of plaintiff, if the evidence were evenly balanced, unless the court instructed otherwise. Touching this matter, the following questions and answers appear:

"Q. If the evidence in this case in your mind was evenly balanced, and the court had instructed you that it was the duty of the plaintiffs to make out their case by a greater weight of evidence, and in weighing the evidence in your own mind you felt that the evidence

was about equal on both sides, would your sympathies influence you in deciding that case for the plaintiffs, in view of the instructions as given you by the court? A. No, sir.  Q. Which way would you find if the evidence was about the same, or was the same on the part of the plaintiffs and the defendant, for whom could you find? A.  Well, if I wasn't instructed otherwise, I would find in favor of the plaintiffs.  Q. You would find in favor of the plaintiffs, if the evidence was equal on each side? A. If I wasn't instructed otherwise, I would. Q. This sympathy that you have expressed, would it tend or lead you to give more credence to the evidence offered by the plaintiffs than that offered by the defendant? A. No, sir; it would not.''

There is, as above stated, no suggestion of bias or prejudice on the part of the juror.  At most the question pertains to the sympathies which well from every human heart.  It is said by Chief Justice MARSHALL in Burr's case:  ''That light impressions which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him.''  This court has given expression to the same views heretofore, as will appear by reference to McManama v. United Rys. Co., 175 Mo. App. 43, 49, 158 S. W. 442; Billmeyer v. St. Louis Transit Co., 108 Mo. App. 6, 82 S. W. 536.

Obviously the sympathies which one entertains for the loss of a child in such circumstances do not constitute a strong and deep impression which will close the mind against the testimony so as to resist its force and combat its effect.  On the contrary, such sympathies are to be regarded as in the category of light impressions which may fairly be supposed to yield to the

testimony given in a case. The examination of the juror here discloses that his mind was open so as to enable him to return a proper verdict under the instructions of the court notwithstanding his natural sympathy. It is conclusively settled by the Supreme Court decisions that the mere fact a juror answers that if the evidence were evenly balanced he might incline through sympathy to favor plaintiff is not sufficient to render him incompetent on a challenge for cause. If there is nothing more to indicate bias or prejudice, the juror is competent, for the law will not put him aside because, forsooth, he honestly answers concerning the sympathies which lie in every human heart. [See Keegan v. Kavanaugh, 62 Mo. 230; Hudson v. St. Louis, etc. Ry. Co., 53 Mo. 525, 537.]

Plaintiff's principal instruction is criticized, but it is well enough, as will appear by reference to numerous cases cited in the brief which support and approve the language employed.

The suit proceeds as for the wrongful death, under section 5425, Revised Statute 1909—i. e., the penal section. The statute authorizes a recovery for an amount not less than $2,000 and not exceeding $10,000 for every such death as therein contemplated. The court gave, at the instance of plaintiff, the following instruction on the measure of damages:

"The court instructs the jury that, if under the evidence and the other instructions given in this case, you decide to find a verdict for the plaintiffs, then you may return a verdict in a sum not less than two thousand dollars and not to exceed ten thousand dollars."

It is urged the court erred in this, because the instruction omits to inform the jury plaintiff was not entitled to recover anything for the loss of society nor on account of the loss of services except during the years of minority, but the argument is not convincing, in view of the rule which is now well established concerning a general charge on the measure of damages.

Generally speaking, an instruction on the measure of damages, in cases under the wrongful death statute, which is proper in its general scope and contains no element of misdirection, is regarded well enough, in the view that mere nondirection is not reversible error. It is said that if defendant desires the right pertaining to the amount of the recovery to be more clearly defined and limited, the duty devolves upon it to ask an instruction accordingly. [See Browning v. Wabash, etc. Ry. Co., 124 Mo. 55, 27 S. W. 644.] See, also, for an application of the same rule in other cases: King v. St. Louis, 250 Mo. 501, 157 S. W. 498; Smith v. Fordyce, 190 Mo. 1, 30, 31, 88 S. W. 679; State ex rel. v. Reynolds, et al., 257 Mo. 19, 165 S. W. 729; Nelson v. United Rys. Co., 176 Mo. App. 423, 158 S. W. 446; Powell v. U. P. R. Co., 255 Mo. 420, 454—457, 164 S. W. 628. The mere facts that the recovery in the instant case pertains to the death of a minor, on which no compensation is to be made for the loss of society and none given on account of the loss of service beyond the age of maturity, are of no avail to change the rule, for that the principle remains the same at all events. In either case the question presents one of nondirection only; and it is certain that such is not error. The point of the matter is, that a general instruction of the character of that above copied will suffice if no element of misdirection concerning the element of damage is incorporated therein. Omitting the misdirection, the subject-matter is remitted to be disposed of as are other similar questions on the grounds of nondirection. Touching this, the principle is the same in either case. [See Dudley v. Wabash R. Co., 167 Mo. App. 647, 673, 150 S. W. 737.]

It is argued the verdict is excessive and that this we should declare as a matter of law. The amount of the verdict as approved by the trial court is $7,420. The suit proceeds, as above stated, under section 5425, Revised Statute 1909, which authorizes a recovery of not less than $2,000 nor exceeding $10,000 for every

such death. According to the construction placed upon this statute by the Supreme Court in Boyd v. Mo. Pac. R. Co., 249 Mo. 110, 155 S. W. 13, $2,000 of the recovery authorized is penalty, while the amount above that is to be regarded as compensatory damages. This being true, of course, the amount of $2,000 is to be set aside as a penal sum and, therefore, not considered in connection with the argument that the verdict is excessive. In this view, the recovery as compensatory damages is to be treated as if for $5,420—that is to say, after deducting the amount of the penalty. This amount—$5,420—we are urged to peremptorily declare is an excessive recovery for the loss of a female child, because it is said in no event may she yield this much during the period of her minority, less the expense of care and education to the parents. But, how are we to ascertain this to be true? There is no evidence in the record either *pro* or *con* tending to throw light upon the probable earning capacity of this infant in after years. Of course, the law requires none in such cases. Indeed, it is the accepted rule of decision that, where this subject-matter comes in question with respect to the death of an infant, the jury may fix the amount of the recovery without evidence thereon, through utilizing their own knowledge and experience presumptively possessed by them in common with mankind in general. This is the rule announced under the third section of the damage act—i. e., the compensatory section. [See Nagel v. Mo. Pac. R. Co., 75 Mo. 653.] When, therefore, it is remembered that this is a question which our law remits to the jury to be disposed of without evidence, by resorting to their knowledge and experience as men, the argument advanced suggests the plain proposition that the appellate court should declare as a matter of law no child may yield the amount of $5,420 to the parents during the years of its minority. This we are unable to declare, for it is beyond the ken of man. Under this same section of the statute, our

Supreme Court approved a verdict of $8,000 given on account of the death of a fifteen year old boy in Ellis v. Metropolitan St. R. Co., 234 Mo. 657, 138 S. W. 23, but it may be in the view that the entire sum was penalty, for such appears to be the view of the court at that time touching this statute. [See Young v. St. Louis, etc. R. Co., 227 Mo. 307, 127 S. W. 19.] But be this as it may, the proposition remains that we are urged to declare as a matter of law, without evidence thereon, a recovery of $5,420 compensatory damages is excessive for the loss of an infant daughter two years old, and this involves the notion that no infant female child of that age may yield so much to the parents during her minority. We are not prepared to so say.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.