*Decisions will be entered under Rule 50.*

EMANUEL O. DIAMOND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32248. Promulgated January 27, 1953.

*Harry J. Winick, Jr., Esq.,* for the petitioner.
*S. Jarvin Levison, Esq.,* for the respondent.

738

**OPINION.**

RICE, *Judge:* Petitioner claims he is entitled to deduct the amount in controversy as a trade or business expense under section 23 (a) (1) (A) of the Code [1] because his business was that of being an employee of

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
  (a) EXPENSES.—
    (1) TRADE OR BUSINESS EXPENSES.—
      (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *.

the Corporation; that his duty as an employee was that of acting as a foreman and supervisor over the jobs conducted by his employer; that he was required to own an automobile and make it available for the employer's use; that the accident in question occurred in the course of his business as an employee; and that the expenses arising out of the accident were not personal expenses but were incurred by petitioner in connection with or proximately resulting from his business as an employee.

Petitioner relies chiefly on *Anderson* v. *Commissioner*, 81 F. 2d 457 (C. A. 10, 1936). In that case, the taxpayer was a farmer who also owned and managed some rental buildings. One night while driving his car from his home to a nearby town to hire a workman to put a cement floor in one of his buildings, his car collided with another, a man was killed, and his car was damaged. The accident resulted in litigation and loss to the taxpayer not covered by insurance. The Court of Appeals reversed this tribunal, and held that the accident proximately resulted from the taxpayer's business and that he was entitled to the deduction. The petitioner recognized on brief that there is a distinction in that the taxpayer in the *Anderson* case was self-employed at the time of the accident, and that the petitioner here was employed by a corporation, but states that they were both carrying on their respective businesses and that the expenses incurred were of the same type.

The respondent argues that the expense was not a trade or business expense of the petitioner; that the car was used in the Corporation's business, and not that of the petitioner; that the Corporation's business was not the petitioner's business; that the petitioner placed the automobile at the disposal of the Corporation to be used as the Corporation saw fit; that other employees of the Corporation used the automobile in pursuit of the corporate business; that the Corporation paid the insurance premiums and repairs on the car and its operating expenses when used for Corporation business; that it was being driven by another employee of the Corporation at the time of the accident which gave rise to the litigation; and that the Corporation paid the operating expenses of the car for that trip.

Respondent cites a number of cases for the proposition that where an individual, who was an officer, director, and stockholder, paid an expense of his corporate employer, he was disallowed a deduction for the expenditure because it was not a payment coming within the individual's trade or business. See *Deputy* v. *duPont*, 308 U. S. 488 (1940). He seems to rely chiefly, however, on the case of *W. S. Dickason*, 20 B. T. A. 496 (1930). In that case the taxpayer was an

officer, director, and general manager of a lumber corporation. He owned an automobile which he maintained for business purposes and for pleasure and family use. His son often drove him to work; and while driving the car back home after having left the taxpayer and a business associate at a hotel, had an accident in which personal injuries were sustained. This tribunal said at page 498:

> The facts disclose that petitioner's automobile was used for both personal and business purposes and that the lumber company reimbursed the petitioner for all expenses of the car resulting from use in business. Title to the car was in petitioner's name and he had absolute control of its use. We have held on numerous occasions that expenses incurred in going from home to the place of business are not ordinary and necessary business expenses. * * *. If as petitioner contends, the loss here sustained resulted from use of the car for business purposes, the lumber company was liable, and should have reimbursed the petitioner for the amount expended. If it was a personal expenditure, as we think it was, it is not deductible in computing petitioner's net income for 1921.

We do not think that either the *Anderson* case, *supra*, cited by petitioner or the *Dickason* case, *supra*, cited by respondent are determinative here. The facts in this case clearly show that the automobile was used in the business of the Corporation at the time the accident occurred. It was being used to transport employees of the Corporation from a job in one city to a job in another city. The operating expenses of the trip were being borne by the Corporation. Insurance premiums and repairs on the car were also borne by the Corporation. Under such circumstances, we are unable to hold that the automobile was engaged in petitioner's individual trade or business at the time of the accident.

Two cases not cited by either party but which are somewhat analogous to this case are *Ralph D. Hubbart*, 4 T. C. 121 (1944), and *Arthur A. Byerlein*, 13 T. C. 1085 (1949). In those cases the taxpayers were officers of corporations and used their personal cars in performing their official duties. In neither case was the taxpayer reimbursed by the corporation for the operating expenses of the car, nor does it appear that the corporation paid the insurance premiums or repairs for the car. The cars in those cases were used exclusively by the taxpayers, and not by other employees of the corporations. The cars in both cases were also used for pleasure and family use as well as for business purposes, and this Court allocated the expenses and allowed the deductions. It is to be noted that the deductions allowed in those cases were for expenses incurred in operating the cars, and not for expenses arising out of personal injuries sustained in an accident. Whether such an expense is allowable under the facts of those cases

need not be decided here. We cite and comment upon these two cases, not because they are determinative of this case, but merely to point out that operating expenses of an individually owned automobile by an officer-employee of a corporation in performing his official duties are allowable deductions and under a proper set of facts.

The facts of this case make it completely distinguishable from those two cases because here the automobile was on the Corporation's business when the accident occurred. If the sums paid had been paid or incurred by the Corporation, they would, no doubt, have been deductible under section 23 (a) (1) (A) by the Corporation. See *Low v. Nunan*, 154 F. 2d 261 (C. A. 2, 1946). It might well be that the Corporation was liable for reimbursement of such sums to petitioner and, after reimbursement, could have claimed a deduction under that section; but that question also is not before us.

We, therefore, hold that petitioner's automobile was engaged in the business of the Corporation at the time of the accident, and respondent did not err in determining the deficiency.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

ARUNDELL, *J.*, dissenting: I would allow the deduction sought by petitioner under section 23 (a) (1) (A) as an ordinary and necessary expense, or under section 23 (e) as a loss incurred in trade or business. Petitioner was an employee of a corporation in which he was also a stockholder and officer. In connection with his employment by the corporation as a supervisor, he was required to furnish a car to move employees from job to job and otherwise in connection with his work. It was while so used that the accident occurred although the petitioner was not at the time driving the car. The expenditure he seeks to deduct was proximately related to the carrying on of his trade or business and, in my opinion, is deductible. Moreover, I think the record, taken as a whole, discloses that the loss was a business one and that the part of the loss sought to be deducted was not compensated for by insurance or otherwise. The amount sought to. be deducted was over and above the amount of the insurance. Petitioner testified his counsel advised him the Corporation was not liable and apparently the Corporation was either liquidated or in process of liquidation in 1947, the year in which the deduction was sought. Elkins, who was also an officer of the Corporation and who was driving the car at the time of the accident, apparently paid a part of the judgment obtained by the injured parties.

MURDOCK, *J.*, agrees with this dissent.