Hillsborough,
No. 4438.

LITA ROSS, *by her father and next friend*

*v.*

ROBERT'S EXPRESS CO., INC. & a.

LLEWELLYN C. ROSS *v.* ROBERT G. PLANTE & a.

Argued January 3, 1956.

Decided February 8, 1956.

100

*Craig & Craig (Mr. William H. Craig, Jr.* orally), for the plaintiffs.

*Devine & Millimet (Mr. Millimet* orally), for the defendant Robert G. Plante.

*Sheehan, Phinney & Bass (Mr. Sheehan* orally), for the defendant Robert's Express Co., Inc.

KENISON, C. J.   The defendant Plante argues that he was confronted with an emergency through no fault of his own and that prior to the emergency he did nothing that could be construed to be negligence.   Since a motorist is not an insurer against all accidents involving injuries to children, and since there was evidence that the child, Lita, broke away from her custodian and darted in front of the motorist, the jury could have found for the defendant.   However, there was other evidence favorable to the plaintiffs which justified the jury's verdict in this case.   The "first thing I knew my sister had let go of Janet's hand and started to walk toward the middle of the highway, and she stopped and hesitated, and then I didn't see after that whether she went forward or not."   In answer to a question whether Lita did suddenly break away from Janet and dart across the highway the witness replied, "She didn't dart."   If the child walked across the highway the defendant was not confronted with the emergency that he was if she suddenly darted across the highway.   *Roy* v. *Chalifoux,* 95 N. H. 321, 323.   The defendant was required to be attentive after seeing the children on the side of the highway (*Richards* v. *Company,* 96 N. H. 272) and the defendant's negligence thereafter was a jury question.   *Martineau* v. *Waldman,* 93 N. H. 147; *LaPolice* v. *Austin,* 85 N. H. 244.

A motorist "is not justified in assuming that a child will exercise the same degree of care for his safety as an adult would under the circumstances. . . . " 2 A Blashfield Cyclopedia of Automobile Law and Practice (perm. *ed.*) *s.* 1497. *Bullard* v. *McCarthy,* 89 N. H. 158, 162. The jury were not obligated to accept the defendant's evidence that he had no time for saving action. *George* v. *Company,* 86 N. H. 121, 122; *Bullard* v. *McCarthy, supra;* anno. 30 A. L. R. (2d) 5. The defendant contends that his due care was established as a matter of law (*Miller* v. *Daniels,* 86 N. H. 193) and relies upon the emergency doctrine. *Kardasinski* v. *Koford,* 88 N. H. 444; *Bonenfant* v. *Hamel,* 96 N. H. 228. As already indicated while there was evidence to support this contention, the evidence construed most favorably to the plaintiff presented a question of fact for the jury. *Robbins* v. *Green,* 93 N. H. 384; *O'Brien* v. *Public Service Co.,* 95 N. H. 79; *French* v. *York,* 99 N. H. 90. In the actions by the minor child against the individual defendant the motions for a nonsuit and a directed verdict were properly denied.

The second issue raised in this appeal is whether the plaintiff's father was negligent as a matter of law. There is considerable evidence that the father instructed the older sister as to the proper control of the minor child, Lita, when she was walking on or across the highway, and the father was not negligent as a matter of law in entrusting the custody of Lita to her older sister. *Chase* v. *Company,* 95 N. H. 483; *Shirack* v. *Gage,* 166 Kan. 719; anno. 123 A. L. R. 147. See *Hoebee* v. *Howe,* 98 N. H. 168, 174. A parent is not required at all times to watch a minor child every minute nor is he prohibited from placing him in the custody of a minor sister if she can exercise effective control over the child. Restatement, Torts, *s.* 496; *Farrell* v. *Hidish,* 132 Me. 57. "The negligence of a . . . custodian is ordinarily a question of fact." *Marcoux* v. *Collins,* 94 N. H. 345, 348, and cases cited. The jury's verdict establishes that Lita's custodians were found not to be negligent. *McDonough* v. *Vozzela,* 247 Mass. 552. See Restatement, Torts, *s.* 488, *comment* c.

The defendant Plante was an active officer of Robert's Express Co., Inc. The automobile involved in the accident was being driven by Plante from his home to his place of business. It was owned by him personally, registered in his name, garaged at his home and he had the exclusive right to use it for his private purposes, although it was occasionally used on the corporation's

business. The corporation had no control or direction over the automobile while Plante was operating it.

The plaintiffs concede that the nonsuits in their actions against the corporation are proper if the rule enunciated in *McCarthy* v. *Souther*, 83 N. H. 29, is to be followed. It was the ruling of that case that an employer is liable for the employee's torts in highway accidents only if the employer had control over the employee as to the operation and management of the automobile. See *Marshall* v. *Nugent*, 222 F. (2d) 604, 614 (construing New Hampshire law). The doctrine of the *McCarthy* case was extended to its limits on the factual situation in *Hutchins* v. *Insurance Company*, 89 N. H. 79. The argument may be made that the rule established by these cases, which is a minority rule, is less satisfactory in its application to modern business than it appeared to be when it was announced about thirty years ago. 140 A. L. R. 1150; 28 Mich. L. Rev. 365; 32 Mich. L. Rev. 276. But the evidence in the case before us failed to establish the corporation's liability under the majority rule. In the circumstances no reason is presented to consider whether the requirement of control with respect to the details of the operation of an automobile should be dispensed with as a prerequisite to liability of the employer. Accordingly it is unnecessary to determine whether the rule in the *McCarthy* and *Hutchins* cases should be reconsidered and the plaintiffs' exceptions to the nonsuits in the actions against the corporation are overruled.

*Judgment on the verdicts.*

All concurred.