JULIAN D. FREEDMAN AND SYLVIA S. FREEDMAN, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77512. Filed March 31, 1961.

*L. Eugene McNatt, Esq.*, and *Max M. Cuba, Esq.*, for the petitioners.
*James E. Johnson, Jr., Esq.*, for the respondent.

DRENNEN, *Judge:* Respondent determined deficiencies in petitioners' income tax for the years 1955 and 1956 in the amounts of $443.06 and $3,932.20, respectively. Julian D. Freedman will be referred to herein as petitioner, Sylvia S. Freedman being a party hereto only because she and Julian filed joint returns.

The issues are: (1) Whether expenditures for legal fees and damages for personal injuries paid by petitioner as the result of an automobile accident which occurred while petitioner was en route from one place of business to another are deductible as ordinary and necessary business expenses within the purview of section 162(a) of the Internal Revenue Code of 1954;[1] and (2) whether petitioner is entitled to a deduction for depreciation of his personally owned automobile used for both business and pleasure. Respondent determined that the expenses incurred as a result of the accident were nondeductible personal expenses, and that petitioner had failed to establish in either year that he had incurred business automobile expense in excess of amounts reimbursed by his employer.

### FINDINGS OF FACT.

Some of the facts were stipulated and are so found.

Julian D. and Sylvia S. Freedman were husband and wife residing in Atlanta, Georgia, during the taxable years 1955 and 1956. They filed joint income tax returns for those years with the district director of internal revenue for the district of Georgia.

Petitioner was employed during the years 1955 and 1956 by Zimmerman Manufacturing Company (hereinafter referred to as Zim-

---

[1] All section references are to the Internal Revenue Code of 1954.

merman) of East Point, Georgia, a corporation engaged chiefly in the manufacture of upholstered furniture. He held the position of general manager and was generally charged with the supervision of sales and operations of that company. In addition to his employment with Zimmerman, petitioner was a 50 percent partner in the Bolton Liquor Store (hereinafter referred to as Bolton) located at 2415 Marietta Road, NW., Atlanta, Georgia. Petitioner reported income of $7,800 from Zimmerman for each of the years 1955 and 1956. Petitioner reported partnership income from Bolton in the amounts of $13,734.18 for the year 1955 and $18,579.23 for the year 1956.

Zimmerman and Bolton are approximately 12 miles apart. Petitioner's residence is located 15½ miles from Zimmerman and 8 miles from Bolton. Petitioner usually spent some time each day at Bolton after completing his work at Zimmerman. It was petitioner's custom on most days to go home for dinner after he left Zimmerman and then to go to Bolton in the evenings to relieve the employees there and to perform certain other duties at the store, but on Fridays he usually proceeded directly from Zimmerman to Bolton.

On Friday afternoon, May 14, 1954, petitioner left Zimmerman in his personally owned automobile about 4:30 p.m., his usual hour of departure, to go to Bolton and while proceeding along Lee Street, in Atlanta, struck one Lawrence Petty with his automobile and seriously injured him. Petty entered suit against petitioner and, as the result of a trial in May 1955, received a judgment for damages against petitioner in the amount of $30,000. Petitioner's insurance was limited to $10,000, which was paid on the judgment. The unpaid balance of the judgment was compromised by petitioner paying Petty $11,000 in 1956.

Petitioner itemized his deductions on his income tax returns for both 1955 and 1956. On his 1955 return he claimed the amount of $964 as a miscellaneous deduction. Of this amount, $950 represented attorneys' fees incurred in connection with the above accident paid by petitioner in 1955. On his 1956 return petitioner claimed as a miscellaneous deduction the $11,000 he paid to settle the Petty judgment plus $14.65 in court costs.

Petitioner owned an automobile which he used to go to and from work, from one of his places of business to another, in making calls on customers of Zimmerman, and for his personal use. His wife owned another automobile. Petitioner had an arrangement with Zimmerman whereby he was permitted to charge oil and gas for his car to Zimmerman to take care of the amount he used his car for Zimmerman's business. Most of the gas and oil he used in his car was paid for by Zimmerman. Zimmerman did not reimburse petitioner for any other expenses for his car.

No deduction was claimed by petitioner for gas or oil on his 1955 and 1956 returns and no reimbursements from Zimmerman were shown on those returns. Petitioner claimed $377.67 and $793.34 as depreciation on his automobile for the years 1955 and 1956, respectively. The amount of depreciation claimed by petitioner was purely an estimate.

Petitioner was en route from Zimmerman to Bolton at the time the accident occurred on May 14, 1954. The expenses incurred as a result of the accident were not proximately related to or directly connected with any of petitioner's business or income-producing activities.

OPINION.

The principal issue is whether petitioner is entitled to deduct as an ordinary and necessary business expense under section 162(a) the amounts he paid as legal fees and in compromise of a judgment obtained against him for personal injuries arising out of an automobile accident petitioner was involved in, with his own car, while traveling from his post of duty as an employee in one part of the Atlanta area to the place where he was engaged as a partner in an unrelated business in another part of Atlanta. In his petition, petitioner claimed in the alternative that these expenditures were deductible as a loss from a casualty not compensated by insurance, and as money paid for the protection of property held for the production of income; but he appears to have abandoned these alternate claims on brief. Petitioner does not specify on brief which provision of the Code he relies on but argues that "Injuries to a third party arising from mishaps on the highway are deductible if incurred while in pursuit of a trade or business," citing *Anderson* v. *Commissioner*, 81 F. 2d 457 (C.A. 10, 1936), and *Emanuel O. Diamond*, 19 T.C. 737; and that when a taxpayer has two separate places of employment and is required to work at both locations on the same day for separate employers, "the expenses of going from one place to the other constitutes the carrying on of a trade or business," citing Revenue Ruling 55-109, 1955-1 C.B. 261. Respondent determined that the expenses were personal, in the nature of commuting expenses, and are nondeductible under section 262.

We have found as a fact that petitioner was on his way from Zimmerman, where he was employed, to his liquor store business at Bolton, rather than on his way home, as contended by respondent, when the accident happened. The evidence indicates that it was his custom to go directly from Zimmerman to Bolton on Friday afternoons, petitioner testified that he was on his way to Bolton, and the evidence is that he did arrive there later. The only evidence to the contrary was petitioner's testimony in the personal injury trial that

he was on his way home; and we accept petitioner's explanation of the discrepancy as being reasonable.

Petitioner itemized his deductions on his returns claiming the expenditures here involved as miscellaneous business expense and did not claim the standard deduction.

In this posture of the case we need not decide whether these particular expenditures qualify as expenses of travel while away from home incurred by petitioner in connection with the performance by him of services as an employee, under section 62(2)(B). And in the light of petitioner's argument and the revenue ruling on which he relies, we are not called upon to consider whether the expenditures qualify as "traveling expenses * * * while away from home" under section 162(a)(2), nor the applicability of such cases as *Commissioner* v. *Flowers*, 326 U.S. 465 (1946); *Douglas A. Chandler*, 23 T.C. 653, revd. 226 F. 2d 467 (C.A. 1, 1955); *Chester C. Hand, Sr.*, 16 T.C. 1410; and *Joseph H. Sherman, Jr.*, 16 T.C. 332. The question on this issue is narrowed to whether the expenditures were ordinary and necessary expenses paid or incurred in carrying on a trade or business.

Respondent has recognized that if an employee works for two separate employers in the same city on the same day, both positions constitute part of the employee's trade or business (of being an employee) and that local transportation expenses in getting from one place of employment to another constitute ordinary and necessary expenses in carrying on his combined trade or business, even though the transportation expense is not incurred in discharging the duties of either job or in carrying on the business of either employer. See Revenue Ruling 55-109, *supra*, which also says (p. 264):

The transportation expenses held to be deductible herein constitute ordinary and necessary business expenses, rather than traveling expenses "while away from home." * * *

But even assuming, without deciding, that transportation from a place of employment as an employee to a place of business wherein the taxpayer is a partner and self-employed would qualify under the above ruling, it does not necessarily follow that because this sort of transportation expense is an ordinary and necessary expense of taxpayer's combined business that all other expenditures resulting from the trip are also deductible as ordinary and necessary expenses of that business.

In *Kornhauser* v. *United States*, 276 U.S. 145 (1928), involving the deductibility of legal fees for defending an accounting action instituted by taxpayer's former partner, the Court, in discussing various rulings of the Commissioner allowing the deduction of legal expenses in defending different types of lawsuits, said:

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*,

1 B.T.A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of § 214(a), subd. (1), of the act. * * *

We do not find that the expenditures here involved were directly connected with or proximately resulted from petitioner's business. Petitioner's business activities consisted of managing Zimmerman as an employee and performing miscellaneous functions at Bolton as a partner. He was not engaged in any of these activities when this accident occurred and the trip from Zimmerman to Bolton was not a function of either of those businesses. Petitioner's transportation between these two places of business may have been necessary in his business of earning an income from two sources, but the accident was merely incidental to that transportation and had nothing to do with either business activity which produced his income. The expenses resulting from this accident at this time and place would not be deductible by petitioner as an expense of either of the separate business activities. Nor would they have been deductible as a business expense if incurred while petitioner was commuting between his home and one place of employment. We do not believe the combining of the two activities into what might be termed the single business of being employed at two separate locations would convert the expense into an ordinary and necessary expense of the latter business. In our opinion, these expenses were too remote from any business activity to be considered either ordinary or necessary expenses of carrying on a business within the meaning of section 162(a), and we conclude that they are not deductible.

*Anderson* v. *Commissioner, supra,* stands for the proposition that expenditures arising out of an accident caused by the negligence of the taxpayer can be an ordinary and necessary expense of his business, but also recognizes that for the expenditures to be deductible they must have been directly connected with or have proximately resulted from the business. *Emanuel O. Diamond, supra,* also relied on by petitioner, denied the deduction because the automobile was not engaged in the taxpayer's individual trade or business. Neither case supports petitioner's position here and we have been cited no case which does.

The second issue is whether petitioner is entitled to a deduction for depreciation on his car which he used partly for business and partly for pleasure. Petitioner claimed 50 percent of the depreciation on this car, as he computed it on the returns, as a business expense. In the notice of deficiency, respondent disallowed the deduction on the ground that petitioner had failed to satisfactorily establish that he had incurred business automobile expense in excess of the amounts reimbursed him by his employer, and, on brief, relies on petitioner's failure to carry his burden of proof in this respect. On reply brief petitioner claims the amount of the deduction was not in issue.

We believe the amount of the deduction was properly in issue. The respondent disallowed the deduction because petitioner had failed to establish that he had incurred business automobile expense in excess of the amounts reimbursed by his employer. In respondent's answer he denied the allegation in the petition that "petitioners used their automobile in pursuit of a trade or business and incurred expenses in the form of depreciation which were not reimbursed." We think the burden was on petitioner to prove not only that his automobile was used in his trade or business but also the amount of his expenditures thereon in pursuit of his trade or business which were not reimbursed. This petitioner has failed to do.

Petitioner testified that he used his automobile to go to and from work and in calling on customers for Zimmerman, and that he also used it for personal uses. Another witness testified that petitioner used his personal automobile to make bank deposits for Bolton. Petitioner also testified that most of the gas and oil used in his car was charged to Zimmerman's account and that his arrangement with Zimmerman was that Zimmerman was to furnish gas for his car to take care of the amount his car was used for Zimmerman's business. There is no evidence as to how much that was but the implication is that most of the oil and gas used in petitioner's car for all purposes, except when he used it to go out of town on vacation, was paid for by Zimmerman. There is no evidence other than that appearing on the returns concerning the make, model, cost, or condition of the car or the amount it was driven in either year, or the portion of its use that was on business and on pleasure. The only evidence is petitioner's testimony that he used the car for both business and pleasure, that the amount claimed on the return was "strictly an estimate," and that petitioner's accountant computed the depreciation claimed on the basis of information furnished him by petitioner as to the cost of the car. On this state of the record we have found that petitioner failed to prove that he incurred any expenses for business use of his car in excess of the amounts paid for by Zimmerman, and the deduction for depreciation must be denied.

*Decision will be entered for the respondent.*