Robert G. PLANTE and Barbara Plante
v.
The UNITED STATES of America.
Civ. A. No. 2245.

United States District Court
D. New Hampshire.
Aug. 30, 1963.

Booth, Wadleigh, Langdell, Starr & Peters, Robert P. Booth, Manchester, N. H., for plaintiff.

John D. McCarthy, Acting U. S. Atty., Concord, N. H., Bernard J. Schoenberg, Atty., Dept. of Justice, Washington, D. C., for defendant.

CONNOR, District Judge.

This is an action for a tax refund. The defendant, the United States, moved for a directed verdict at the close of the plaintiffs' case which was denied, and renewed the motion at the close of all the evidence. Disposition was reserved pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and the case was submitted to the jury. The jury returned a verdict for the plaintiffs in the full amount of the claimed refund and the defendant filed a motion to set aside the verdict and the judgment entered and to enter a judgment for it in accordance with its motion for directed verdict or in the alternative to grant a new trial.

The plaintiff Robert Plante was an employee and officer of Robert's Express Company, Inc., of Manchester, New Hampshire, in March, 1951, and while driving his automobile on a public highway known as Route 3 between his home in Bedford, New Hampshire, and the Robert's Express Company's office in Manchester, he struck and injured a six year old girl. Litigation in the state courts followed and the Supreme Court ordered judgment on the verdict against Plante for $19,500, and affirmed a nonsuit against Robert's Express. Ross v. Robert's Express Co., Inc., 100 N.H. 98, 120 A.2d 335 (1956). As plaintiff's insurance coverage was only $10,000, he paid the balance of $9,500 in 1956, and on his federal income tax return for that year, he deducted the sum of $9,500 in computing his taxable income.[1] The Internal Revenue Service disallowed the deduction and assessed a deficiency, which was paid. Plaintiff filed a timely claim for the refund of the deficiency and this suit was instituted as a result of the disallowance of that claim.

During the course of the trial, plaintiff's counsel, in effect, conceded that his claim was grounded under the provisions of 26 U.S.C. § 162(a)[2] and the case was submitted to the jury thereunder. It is pursuant to that section that I will decide this motion.

Defendant urges that the deduction must fail for two reasons. First, it contends that to properly deduct this item, one must be carrying on a trade or business, and in the circumstances here, if plaintiff was engaging in any business, which defendant denies, it was the busi-

---

1. Plaintiff's wife, Barbara, is a party to this action because the 1956 return was filed in both of their names. That is her only involvement here.

2. "(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

**316**

ness of Robert's Express and only it might have been entitled to the deduction, not the plaintiff. It further contends that, even if the law allowed an employee to deduct such an item, this was not a proper deduction because plaintiff was on a personal mission and was not carrying on any trade or business, either his own or his employer's.

Before turning to the second issue mentioned above, which will require a close analysis of the facts, I will first consider whether an employee on his employer's business can, under certain circumstances, take this deduction.

The government in its memorandum of law submitted after the trial relies heavily on the case of Whipple v. Commissioner, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288, (1963), (vacating and remanding 5 Cir., 301 F.2d 108, on a separate ground) for the proposition that plaintiff here was not carrying on any trade or business of his own and, therefore, could not deduct this item. However, the Court in Whipple was dealing with the question of bad debt losses owed by a corporation to its majority stockholder. The Court expressly did not consider those cases "which hold that working as a corporate executive for a salary may be a trade or business." (Citing Trent v. Commissioner, 291 F.2d 669 (C.A. 2nd 1961).[3]

Judge Friendly summarized this aspect of the law in Trent, supra, as follows at page 674 of 291 F.2d:

"We shall take next a much simpler story, the familiar provision, now § 162(a), which allows a taxpayer to deduct 'all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.' Here the decided weight of authority long has been that a corporate officer may deduct expenses paid or incurred which were incident to the 'trade or business' of being a corporate employee although they may also have been in-

cident to the corporation's own trade or business. C. I. R. v. People's-Pittsburgh Trust Co., 3 Cir., 1932,. 60 F.2d 187 [legal expenses of board chairman in defending against charges of unlawful filing of tax returns]; Schmidlapp v. C. I. R., 2 Cir., 1938, 96 F.2d 680 [118 A.L.R. 297] [unreimbursed entertainment]; Hochschild v. C. I. R., 2 Cir., 1947, 181 F.2d 817 [expenses of corporate officer in defending suit arising out of his duties]; Noland v. C. I. R., 4 Cir., 1959, 269 F. 2d 108, 111 [statement that 'every person who works for a compensation is engaged in the business of earning his pay'; particular expenses disallowed]; see Griswold, Cases on Federal Taxation (1960), p. 327."

The issue here involved has been the subject of limited consideration, and the foregoing cited authorities represent what I think is the better view. Contra is the case of Diamond v. Commissioner, 19 T.C. 737 (1953), which specifically considered the question of a personal injury payment and where the majority of the court held that an employee of a corporation cannot deduct the amount he paid for damages arising out of an accident where a fellow employee negligently drove taxpayer's automobile while transporting other employees from one job site to another. Two judges dissented stating they would have allowed the deduction. The majority holding indicated that the corporation might well have been liable for reimbursement and, after reimbursement, could have claimed a deduction. It appears that taxpayer did not seek reimbursement from his employer or the other employee, although the latter apparently paid a part of the judgment. The decision has been criticized. Mertens, Law of Federal Income Taxation, Vol. 5 § 28.58.

■ Here, Plante could not obtain reimbursement from his employer because Robert's Express had been awarded a

3. 373 U.S. at 204, 83 S.Ct. at 1175, 10 L.Ed.2d 288.

non-suit in the negligence action against it and Plante.[4]

In addition, it does not seem that Plante or other persons similarly situated could have made the employer indemnify him for payment of resultant tort damages incurred on the business of his employer. Restatement (Second), Agency § 440 (1958).

It is my feeling that, as long as the law allows deductions of "ordinary and necessary expenses * * * incurred * * * in carrying on any trade or business," 26 U.S.C. § 162(a), an employee should not be penalized in being precluded from the allowance of a deduction because his employer does not reimburse him and take its own deduction.[5]

■ Therefore, following what seems to be the weight of authority, I conclude that the better and more equitable rule is that an employee may deduct non-reimbursed payments made by himself in satisfaction of liabilities incurred while carrying on his employer's business, whether this be considered as carrying on his own business in earning his salary or as carrying on the business of his employer, or both.

Thus, because I have held that this type of expense may be properly deductible, I reach the second question which is whether there was enough evidence for the jury to find that this expense was a result of and proximately connected with the carrying on of a trade or business. Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943).

On the day of the accident, the plaintiff drove his automobile to the office of Robert's Express Company, Inc., in Manchester, New Hampshire, from his home in Bedford, New Hampshire, somewhat over five miles away. The car which he was operating was owned by himself, was paid for by him, registered in his name, garaged at his home, insured by him, although he used it for company business with reimbursement for expenses he incurred in carrying out his duties as an employee of Robert's Express. It seems that all costs of maintenance, fuel, and repairs were borne by his employer. He testified that at approximately 11:00 A.M. he left the office in his car, accompanied by one Daughen who was to undertake some yard work at plaintiff's home. Plaintiff stated that he had intended a dual purpose when he left the office; besides taking this person to his home, he intended to keep a business appointment with the owner of an establishment known as Chagnon's Garden Center located on Route 3. After leaving the office of Robert's Express Company, taxpayer drove southerly on Route 3 and on reaching Chagnon's decided to continue on to deposit his passenger at his home and keep his appointment with Chagnon on his return trip to the office. While driving back on the same route and before reaching Chagnon's, he struck and injured the girl.

The government's position is that any expense incurred after taxpayer drove past Chagnon's on the way to his home and before he reached Chagnon's on his return therefrom, is nondeductible as a matter of law. The government would withdraw from the jury's consideration any expense incurred because taxpayer went past Chagnon's on a personal errand. The difficulty of adopting the government's position is that it seeks to draw a rigid line differentiating business activity from personal activity. However, on the facts at bar, I prefer to follow the test set forth in Commissioner v. Heininger, supra, 320 U.S. at page 475, 64 S.Ct. at page 254, 88 L.Ed. 171:

"Whether an expenditure is directly related to a business and

---

4. The fact that Robert's Express was awarded a non-suit in the New Hampshire state courts is not here dispositive. The instant case presents separate, although similar, legal questions, with different parties and presumably different testimony and evidence.

5. There seems little doubt that liabilities for the negligent operation of automobiles are part of carrying on a trade or business, if connected to and resulting from the business. Anderson v. Commissioner, 81 F.2d 457, 104 A.L.R. 676 (C.A.10th 1936).

whether it is ordinary and necessary are doubtless pure questions of fact in most instances."

In this case, the plaintiff was on his way to a business appointment. I cannot say that as a matter of law this expenditure resulting from the accident was not an ordinary and necessary expense directly related to the business.

The motion to set aside the verdict and judgment for plaintiff and to enter a judgment for the defendant or to grant a new trial is denied.