Julian D. FREEDMAN and Sylvia S. Freedman, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 19192.

United States Court of Appeals
Fifth Circuit.

April 10, 1962.

Rehearing Denied June 15, 1962.

**360**

Max M. Cuba, Cuba, Harper & Cuba, Atlanta, Ga., for petitioners.

Crane C. Nauser, Chief Counsel, Glen E. Hardy, Atty., Internal Revenue Service, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Lee A. Jackson, Robert N. Anderson, Donald P. Horwitz, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CAMERON and BELL, Circuit Judges and CARSWELL, District Judge.

BELL, Circuit Judge.

The question presented by this appeal is whether the expense of settling a personal injury suit arising out of an accident which occurred while taxpayer was en route from his place of employment to a place of business in which he was a fifty percent partner is deductible as an ordinary and necessary business expense within the purview of § 162(a) of the Internal Revenue Code of 1954.[1] And, appellants assert, this is a question of law based on the findings of fact made by the Tax Court.

The Tax Court, 35 T.C. 1179, held these expenses (cost of settlement plus attorneys fees) to be too remote from any business activity of the taxpayer to be deductible as ordinary and necessary business expenses. This holding must be upheld insofar as it is a finding of fact, Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171, unless clearly erroneous, Rule 52(a), Fed.R.Civ.P., 28 U.S.C.A. and 26 U.S.C.A. § 7482. To substantiate these deductions it was up to appellants to show that they were directly connected with the customary conduct of the business of taxpayer and proximately resulted therefrom. Kornhauser v. United States, 1928, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Deputy v. Du Pont, 1940, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; and Friedman v. Delaney, 1 Cir., 1948, 171 F.2d 269. Further, it is clear that all expenses of every business transaction are not deductible; only those which relate to carrying on a business, Higgins v. Commissioner, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783.

Thus it is that we must measure by these authorities the contention of appellants that the Tax Court erred as a matter of law in disallowing the deductions.

The accident out of which the expenses arose took place while taxpayer was in the process of commuting from his place of employment at the end of the work

---

1. 26 U.S.C.A. § 162(a):
    "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

day to the place of business in which he was a partner to take up work there, and concededly at the time taxpayer was not engaged in his vocation or avocation.

This would ordinarily require affirmance but to escape the mandate of these authorities it is urged that the combination of jobs here constitutes a business in and of itself, it following then that these expenses qualified as deductions. The authority cited for this position is Revenue Ruling 55–109, 1955–1 Cum. Bull, 261, construing § 23(a) (1) (A) of the Revenue Code of 1939, predecessor section of 162(a), to authorize members of Reserve Components of the Armed Forces to deduct one-way local transportation expenses in getting from a place of employment to the place of drill where the trip takes place on the same day. This conclusion is reached by treating service in the Armed Forces Reserve as a trade or business, this service and the regular employment as both constituting part of a trade or business, and local transportation expenses in getting from one place of employment to the other as ordinary and necessary expenses incurred in carrying on the combined trade or business.[2] In the same breath the Commissioner recognized that the transportation expenses in going from one place of employment to the other are not incurred in discharging the duties of either job or in carrying on the business of either employer; here employer and self-employed.

 Assuming, without deciding, that this Ruling has sufficient basis, we take it to mean, as it bears on the question before us, that both positions do constitute part of the trade or business but this leaves outstanding the question of whether the expenses here were ordinary and necessary to either part, the employment or the partnership. We hold that it does not mean that commuting from one to the other is a business in and of itself, and thus the question of remoteness was properly before the Tax Court.[3]

 The Tax Court held that it could not find that the expenses here were directly connected with or that they proximately resulted from the business of taxpayer, and that they were too remote from any business activity to be considered either ordinary or necessary expenses in carrying on a business within the meaning of § 162(a). These findings not being clearly erroneous, and no error in law appearing, the judgment of the Tax Court of non-deductibility must be and is

Affirmed.

---

2. Appellants do not contend that the expenses here are local transportation expenses within the meaning of this ruling.

3. Appellants also rely to some extent on Anderson v. Commissioner, 10 Cir., 1936, 81 F.2d 457, 104 A.L.R. 676, a similar case, except for the fact that Anderson, unlike the taxpayer here who was simply commuting from one business to the other, was engaged in carrying on one of his businesses when the accident occurred.