Everett E. Henning and Estelle M. Henning v. Commissioner.
Henning v. Commissioner
Docket No. 3202-67.
United States Tax Court
T.C. Memo 1968-202; 1968 Tax Ct. Memo LEXIS 97; 27 T.C.M. (CCH) 987; T.C.M. (RIA) 68202; September 16, 1968. Filed Thomas A. Skornia, Hartford Bldg., 650 California St., San Francisco, Calif., for the petitioners. Joel A. Sharon, for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable year 1963 in the amount of $918.27. The only issue presented is whether a payment of $15,000 in 1963 in satisfaction of a judgment for damages in a wrongful death action is deductible as a business loss under section 165, I.R.C. *98 1954, [1] or as a business expense under section 162. All of the facts have been stipulated and the case has been submitted under Rule 30. The stipulations and the exhibits attached thereto are incorporated herein by this reference. Everett E. Henning and Estelle M. Henning (hereinafter sometimes referred to as Everett and Estelle), are husband and wife who resided in San Francisco, California at the time they filed their petition herein. Petitioners are calendar year cash basis taxpayers. They filed a joint individual income tax return for the calendar year 1963 with the district director of internal revenue, San Francisco, California. In 1963 Estelle owned and operated a private warehouse in San Francisco as sole proprietor. Everett and Estelle had as their personal residence a two-story penthouse constructed above the warehouse. In early 1959 Estelle was summoned before the California Public Utilities Commission to show cause why her warehouse should not be subject to its regulation. Estelle felt that regulation would adversely affect her business. About this time she *99 was introduced to Floyd Clouse (hereinafter sometimes referred to as Floyd). Floyd was an official of the California State Controller's Office. His wife at some undisclosed time had been establishing a public warehouse company. On September 25, 1959, Floyd went to Estelle's warehouse, after completing official business in San Francisco for the Controller's Office, where he met Estelle who was there with her niece. The three went up to the penthouse and Estelle called Everett at his office and asked him if he would return home and take their guests to lunch. Then she prepared a drink for her guests. Everett arrived and made drinks for himself and his guests. He and Floyd each had another drink. Estelle went back to the warehouse and Everett, Floyd and Estelle's niece went out to a restaurant where they each had three drinks and lunch. They rejoined Estelle at the penthouse around 5:30 p.m. The four each had a drink and Estelle's niece left around 6:30 p.m. Estelle, Everett and Floyd continued to drink. Each had three or four drinks between 6 and 8 o'clock. About 8 o'clock Floyd, who was intoxicated, excused himself, apparently to go to the bathroom. In fact, he walked out a bedroom *100 window onto the roof and from there he fell to his death. A guardrail on the roof completely surrounded three sides of the building and 988 one-half of the fourth side. Floyd fell from the side where there was no guardrail. Floyd's wife was awarded $76,300 damages in a wrongful death action against Estelle. Instead of appealing, Estelle settled for $65,000 in 1963. Of the $65,000, $50,000 was compensated for by insurance and Estelle paid $15,000 in 1963, of which she deducted $875 on that year's joint return as "Losses of business property." The Commissioner disallowed the claimed deduction with the following explanation: The deduction of $875.00 claimed as "losses of business property" resulting from a $15,000.00 payment made in 1963 in satisfaction of a judgment is disallowed because the payment was not directly connected with and did not occur as a proximate result of the customary conduct of your business. We must decide whether Everett and Estelle can deduct as a business loss under section 165 or as a business expense under section 162 any of the $15,000 Estelle paid in 1963 in satisfaction of a judgment for damages in a wrongful death action. Section 162(a) provides *101 "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." [Emphasis supplied.] Section 165(a) and (c)(1) allows a deduction for "any loss sustained during the taxable year" which is "incurred in a trade or business." [Emphasis supplied.] The issue is a factual one and the burden is upon Everett and Estelle to prove, for purposes of either section 162, or section 165(a) and (c)(1), that this expenditure was directly connected with the customary conduct of Estelle's warehouse business and proximately resulted therefrom. Freedman v. Commissioner, 301 F. 2d 359 (C.A. 5, 1962); Anderson v. Commissioner, 81 F. 2d 457 (C.A. 10, 1936); Kornhauser v. United States, 276 U.S. 145 (1928). There is no evidence in the record from which we can find that Floyd's visit to the Hennings' penthouse on this occasion had any business purpose. To the contrary, the stipulated facts, which encompass testimony adduced in the wrongful death action, strongly indicate the visit during which the accident happened, was social. The Hennings themselves so testified *102 in that action. There is no testimony that any business at all was discussed. As we see it, the liability which was imposed on Estelle pursuant to which the amount in question was paid, was the proximate result of Floyd's intoxication and petitioners' failure safely to maintain their personal residence. Neither of these factors have been proven to be business related. We hold that petitioners have failed to carry their burden of proof. Decision will be entered for the Commissioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩