Roland J. HYMEL, Jr. and Mary Ann Hymel, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–4537.

United States Court of Appeals, Fifth Circuit.

April 4, 1986.

Leon H. Rittenberg, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, La., for petitioners-appellants.

Kathryn E. Rooklidge, I.R.S., Richard Farber, Glenn L. Archer, Jr., Michael L. Paup, Chief, Appellate Sec., Asst. Attys. Gen., Tax Div., Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, Robert T. Ruwe, I.R.S., Washington, D.C., for respondent-appellee.

Before THORNBERRY, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

Appellants Roland J. Hymel, Jr., and Mary Ann Hymel appeal a Tax Court decision upholding a notice of deficiency issued to them by the Internal Revenue Service for the tax years 1978 and 1979. The Tax Court held that membership dues that Roland Hymel paid to a Mardi Gras carnival club were not ordinary and necessary business expenses deductible under 26 U.S.C. § 162(a) (1982). Because we find that the Tax Court improperly disregarded a stipulation agreed to by the parties, we reverse its decision and render judgment for the taxpayers.

I. Background

Roland Hymel is in the wholesale and retail insurance business in New Orleans, Louisiana. Mr. Hymel is also a member of the Krewe of Bacchus, a Mardi Gras carnival club. He has served on Bacchus' Board of Directors since 1970. Each year Bacchus holds an annual meeting, conducts a float showing, and, during Mardi Gras, puts on a parade followed by a dinner dance.

In 1978 and 1979, Roland and Mary Ann Hymel claimed the Bacchus dues as ordinary and necessary business expense deductions on their joint income tax returns. The IRS issued a Notice of Deficiency disallowing the deductions because the Hymels had failed to meet the substantiation requirements of 26 U.S.C. § 274 (1982). In December 1982 the Hymels filed a petition in Tax Court seeking a redetermination of the deficiencies.

Before the Tax Court the IRS took the position both that the Hymels had failed to meet § 274's substantiation requirements and that the Bacchus dues did not qualify as ordinary and necessary business expenses under 26 U.S.C. § 162(a) (1982). The Tax Court upheld the IRS's position under § 162 and did not reach its § 274 argument. On appeal the Hymels urge that the Bacchus dues are deductible under § 162(a) and that § 274's substantiation requirements do not apply. The IRS has withdrawn its argument on the second point; it contends only that the dues do not constitute ordinary and necessary business expenses under § 162(a).

## II. Discussion

■ To qualify as an ordinary and necessary business expense under § 162(a), an expense must be directly related to the taxpayer's business. *See Freedman v. Commissioner,* 301 F.2d 359, 360 (5th Cir. 1962); 26 C.F.R. § 1.162–1(a) (1985). The Tax Court found that Roland Hymel's Bacchus dues were not directly related to his insurance business. This is a finding of fact to which we would ordinarily defer unless clearly erroneous. *See Commissioner v. Flowers,* 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946); *Freedman,* 301 F.2d at 360; Fed.R.Civ.P. 52(a). In this case, however, the parties stipulated a number of facts. The Tax Court admitted the stipulations into evidence. Among the stipulations was the following:

> One of the purposes of Bacchus is to improve tourism, namely the food and entertainment and hotel industries of the city of New Orleans. Mr. Hymel has earned substantial insurance commissions through sales of insurance to members of these industries (who are members of Bacchus).... *Mr. Hymel's income is directly impacted by tourism in New Orleans.*

First Stipulation for Trial ¶ 8 (emphasis added). The Tax Court makes no reference to the emphasized portion of this stipulation in its opinion.

■ The trial court may disregard stipulations between parties "only if accepting them would be 'manifestly unjust or if the evidence contrary to the stipulation was substantial.'" *Smith v. Blackburn,* 785 F.2d 545, 549 (5th Cir.1986) (quoting *Loftin and Woodward, Inc. v. United States,* 577 F.2d 1206, 1232 (5th Cir.1978)). Acceptance of the stipulation between Hymel and the IRS will not work a manifest injustice. Nor is there substantial evidence contrary to the stipulation. The case was tried largely on stipulated facts, none of which contradicts or undercuts the quoted stipulation. Two witnesses testified at trial, Peter Moss, a Bacchus member and former officer, and Mr. Hymel. Neither witness contradicted the statements in the quoted stipulation. We conclude, therefore, that the Tax Court erred in disregarding the emphasized portion of the quoted stipulation.

The stipulation establishes a direct connection between Bacchus and Mr. Hymel's business. One purpose of Bacchus was to improve tourism, and tourism "directly impacted" Mr. Hymel's income. Thus, we must reverse the Tax Court's judgment. We express no opinion, of course, as to how we would decide this case in the absence of the crucial stipulation.

The judgment of the Tax Court is REVERSED and judgment is RENDERED for the appellants.