**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-60062
(Summary Calendar)
_____

FABIAN VAKSMAN,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the United States Tax Court
(4741-00)
_____

November 21, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

WIENER, Circuit Judge[*]:

Petitioner-Appellant Fabian Vaksman appeals the decision of the United States Tax Court determining a deficiency in his federal income tax for 1997 in the amount of $2,108. For essentially the same reasons as are set forth in the Tax Court's ruling, we affirm.[1]

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] We review the Tax Court's factual findings for clear error and examine conclusions of law de novo. Dunn v. Comm'r of Internal Revenue, 301 F.3d 339, 348 (5th Cir. 2002).

Vaksman appeals the Tax Court's determinations regarding the deductions he claimed for (1) depreciation of his automobile; (2) cellular telephone expenses; (3) educational expenses; and (4) business use of his home. He also challenges specified IRS policies and procedures and alleges several constitutional violations. We briefly address each of Vaksman's claims.

1. **Automobile Depreciation**

Vaksman asserts that he drove his automobile 15,000 miles in 1997, of which 79.10 percent, or 11,865 miles were for business. On this basis, he computed a $1,325 depreciation deduction. He did not, however, submit any records to substantiate the business use of his vehicle, or to distinguish business use from personal use.

Passenger automobiles are "listed property" subject to the strict substantiation requirements of § 274(d) of the Internal Revenue Code ("I.R.C."). Under I.R.C. § 274(d), "[n]o deduction or credit shall be allowed . . . with respect to any listed property . . . unless the taxpayer substantiates by adequate records or sufficient evidence corroborating the taxpayer's own statement" (1) the amount of the expense; (2) the time and place of the use of the property; and (3) the "business purpose of the expense."[2]  As Vaksman has provided none of the required documentation, but relies solely on his own uncorroborated estimate, the Tax Court properly disallowed the deduction.

---

[2]  26 U.S.C. § 274(d)(4).

## 2. **Cellular Telephone Expenses**

Vaksman claimed a deduction of $715 for cellular telephone expenses. Cellular telephones are also "listed property" subject to the substantiation requirements of I.R.C. § 274.  As with his automobile, Vaksman failed to submit any documentation to establish the business use of his cellular telephone, the amount he paid for the service, or even the identity of the telephone company. The Tax Court properly disallowed the deduction.

## 3. **Educational Expenses**

Vaksman claimed a deduction of $1,550 for "continuing education." On appeal, he argues that his tuition payments to the University of Houston for "dissertation hours" in the history department were "used as a business expense" and were necessary to generate business as a Russian translator.

As a threshold matter, we again note that Vaksman has failed to submit documentation in support of the claimed deduction. Even if the deduction were adequately documented, however, Vaksman's tuition payments to the university would not be deductible as business expenses under these circumstances. The I.R.C. authorizes deductions for business expenses that are "ordinary and necessary."[3] An expense is "ordinary and necessary" if it is "appropriate, helpful, and of a common or frequent occurrence in

---

[3] 26 U.S.C. § 162(a).

3

the type of business carried on by the taxpayer."[4]  The expense "must be directly related to the taxpayer's business."[5]

Vaksman has failed to establish that his pursuit of a doctoral degree in history "relates to" his translating business.  Although Vaksman contends that a university affiliation was necessary to generate translation business, he produced no evidence; and the record on appeal reflects no evidence to support this contention.  Neither we, the Tax Court, nor the Commissioner has questioned the fact that Vaksman is engaged in the business of Russian translating; nevertheless, he has failed to prove a "nexus" between this business and the study of United States history. Although association with a local university, and access to computers and other university resources, may marginally benefit any businessman, we agree with the Tax Court's conclusion that "[t]he 'ordinary and necessary' requirement . . . is not so elastic a concept as to countenance a marginal relationship between an expense and a taxpayer's trade or business."[6]

## 4. Business Use of Home

Vaksman claimed a home office deduction of $5,280 based on his

---

[4] Tulia Feedlot, Inc. v. United States, 513 F.2d 800, 804 (5th Cir. 1975).

[5] Hymel v. Comm'r of Internal Revenue, 794 F.2d 939, 940 (5th Cir. 1986).

[6] 82 T.C.M. (CCH) 19, R. 17, at 11.

estimate that, in 1997, he used 80 percent of the 900 available square feet in his apartment (720 square feet) for his translating business. The Commissioner reduced the deduction to $1,588, allocating 25 percent of Vaksman's $6,350 rent to business use.

As a general rule, "the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence" is not deductible.[7] This rule does not apply, however, to the portion of a residence "which is exclusively used on a regular basis . . . as the principal place of business for any trade or business of the taxpayer."[8]

Vaksman failed to demonstrate that he used 80 percent of his residence <u>exclusively</u> and on a <u>regular</u> basis for his translating business. As the Tax Court explained, Vaksman's claim in this regard is belied by his own admission that he worked only <u>seven</u> days in 1997. Moreover, Vaksman's inclusion of his bathroom and bedroom in his estimate of "business use" is misplaced; although he may have used these areas on occasion for a business purpose, any business use of these areas was not <u>exclusive</u>. We conclude that the Tax Court properly disallowed the $5,280 deduction in favor of a more reasonable—and, we might add, generous—$1,588 home office deduction.

---

[7] 26 U.S.C. § 280A(a).

[8] <u>Id.</u> § 280A(c)(A).

## 5. **Remaining Claims**

Vaksman's remaining arguments are entirely without merit. He dedicates the bulk of his argument on appeal to perceived unfairness in the Internal Revenue Service ("IRS") procedures leading to his notice of deficiency. In particular, Vaksman objects to the ability of an IRS supervisor to "overrule" or modify the conclusions of an auditor and repeatedly alleges "bad faith" on the part of the IRS for failing to comply with his discovery requests. Vaksman also asserts sweeping First Amendment and constitutional issues and seeks an award of costs and attorney fees.

Courts do not "look behind the notice of deficiency to determine or examine the evidence used, or the propriety of the Commissioner's motives in making the deficiency determinations."[9] The law is well-settled that the government's determination of deficiency is presumed to be correct; this "presumption of correctness generally prohibits a court from looking behind the Commissioner's determination even though it may be based on hearsay or other evidence inadmissible at trial."[10]  For this reason, we, like the Tax Court, will not revisit or second-guess the methods of the IRS.

---

[9] <u>Pasternak v. Comm'r of Internal Revenue</u>, 990 F.2d 893, 898 (6th Cir. 1993).

[10] <u>Portillo v. Comm'r of Internal Revenue</u>, 932 F.2d 1128, 1133 (5th Cir. 1991).

6

Vaksman's First Amendment claim is grounded in his complaint that the IRS sent an agent to his home to investigate his transmission of a poem to an IRS Group Manager. Assuming, without concluding, that the Tax Court had jurisdiction to consider this claim and that we have appellate jurisdiction to review it, we hold that Vaksman's First Amendment claim is wholly without merit and not worthy of further discussion.

Finally, Vaksman's claim for costs and attorney fees is equally without merit and borders on frivolousness. As a pro se litigant, he is not entitled to attorney fees because, quite simply, he did not actually "pay" or "incur" attorney fees.[11] In addition, Vaksman was not the "prevailing party" as defined in I.R.C. § 7430(c)(4). Vaksman neither "substantially prevailed with respect to the amount in controversy"[12]—the deficiency was reduced only from $2,217 in the original notice, to $2,108 in the Tax Court's decision—nor "substantially prevailed with respect to the most significant issues."[13]

We recognize that Vaksman has serious misgivings about the manner in which federal income taxes are collected in the United

---

[11] Corrigan v. United States, 27 F.3d 436, 438 (9th Cir. 1994) ("A pro se litigant does not pay or incur attorney fees. Thus, attorney fees are not available to pro se litigants under I.R.C. § 7430).

[12] 26 U.S.C. § 7430(c)(4)(i)(I).

[13] Id. § 7430(c)(4)(i)(II).

7

States. It is obvious, and unfortunate, that he feels that he has been unfairly and illegally "targeted" by the IRS. Nevertheless, our careful review of the record, the parties' briefs, and the applicable law convinces us that, as a matter of law, all Vaksman's claims in the Tax Court, and his contentions on appeal, are baseless. Finally, we caution Vaksman against further prosecution of these claims, lest he incur sanctions for protracting litigation that is legally frivolous.

## Conclusion

For essentially the same reasons set forth by the Tax Court, its disposition of this action is, in all respects,

AFFIRMED.